UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

BRENDA BANEGAS CONTRERAS                    CIVIL ACTION

v.                                          NO. 18-8656

BP EXPLORATION & PRODUCTION INC., ET AL.    SECTION "F"


ORDER AND REASONS

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date.  No memoranda in opposition to the defendants' motion to dismiss as a discovery sanction, noticed for submission on September 25, 2019, has been submitted.

The record shows that the plaintiff has consistently failed to comply with discovery rules and this Court's Orders.  Brenda Contreras alleges that she developed chronic cough after performing Deepwater Horizon oil spill cleanup work for 30 days in May 2010.  This is a Back-End Litigation Option lawsuit for Later Manifested Physical Conditions filed under the terms of the Medical Settlement Agreement from the Deepwater Horizon Multi District Litigation Number 2179.  Through her attorney, Ms. Contreras, filed a complaint invoking this Court's diversity jurisdiction and

alleging that, while she was a BP oil spill cleanup worker performing boom decontamination, she was exposed to oil, dispersants, and other harmful chemicals and that this exposure caused her to develop chronic cough.[1]  She alleges that she was first diagnosed with chronic cough on June 17, 2013 and she seeks to recover under federal and state law consistent with the terms of the MSA for all damages allowable for her chronic cough.

Like other BELO lawsuits, this matter was randomly allotted to this Section of Court.  A scheduling order issued selecting various deadlines including a May 11, 2020 jury trial date.  To date, the plaintiff has failed to respond to the defendants' discovery requests.  On June 4, 2019, the defendants filed a motion to compel discovery responses.[2]  When the plaintiff failed to respond to the first motion to compel, on June 17, 2019, Magistrate Judge North granted the motion as unopposed, and ordered the plaintiff "to formally respond to Defendants' outstanding written discovery requests within 10 days."  The plaintiff failed to comply.

---

[1] Her complaint was filed after the defendants elected not to mediate.
[2] The plaintiff failed to provide any response to their February 14, 2019 Interrogatories and Requests for Production, despite plaintiff's counsel's agreement to respond by May 28, 2019.

Having received no discovery responses, the defendants filed a motion to enforce discovery order on July 9, 2019; the motion was set for hearing before Magistrate Judge North on July 24, 2019. On July 15, 2019 -- one day prior to the deadline for plaintiff's opposition papers -- plaintiff's counsel filed a motion to withdraw as counsel.  The next day, the Court denied without prejudice the motion to withdraw as counsel; it was unclear from plaintiff's counsel's motion whether the plaintiff herself had been advised of the deadlines and oral hearing set in connection with the defendants' motion to enforce discovery order.  Despite still being enrolled as counsel for plaintiff, again, the plaintiff failed to respond to the defendants' discovery motion.   And, again, Magistrate Judge North granted the motion as unopposed, stating:

> Granted as unopposed.  If she has not already done so, Plaintiff is to formally respond to Defendants' outstanding written discovery requests, without objection, within three days. If Plaintiff fails to timely comply with the terms of this order, a sanction of $500.00 shall automatically become due and payable to defray the reasonable expenses Defendants incurred in connection with their motions to compel and to enforce. Plaintiff is specifically cautioned that further discovery failures may result in the imposition of increasingly severe sanctions, including but not limited to the issuance of a Report and Recommendation recommending that her lawsuit be dismissed for failure to prosecute.

Two days after issuance of the magistrate judge's order granting the defendants' motion to enforce discovery order, plaintiff's

counsel renewed their request to withdraw as counsel. Having complied with the Local Rules, the Court granted counsel's motion to withdraw, and ordered that any new counsel promptly enroll, observing:

> Having obtained no discovery from the plaintiff, the defendants' frustration is certainly well founded; they can offer no defense to the plaintiff's claims without discovery. However, the record here shows that -- even with counsel representing her since September 2018 -- the plaintiff has failed to respond to discovery, motions, and discovery orders. To be sure, Magistrate Judge North's order and escalating sanctions for non-compliance will be more effective than plaintiff's counsel has been at obtaining Ms. Contreras's compliance with discovery orders. And, if Ms. Contreras herself persists in recalcitrance, her case will be dismissed.

See Order dtd. 7/31/19.

The defendants now move to dismiss the plaintiff's lawsuit as a discovery sanction. In support of their request, the defendants summarize the record including their attempts to obtain discovery, the Court's several orders compelling it or admonishing the plaintiff as to the escalating sanctions for non-compliance, including the possibility of dismissal, and, nevertheless, the plaintiff's failure to provide any discovery response in over 180 days. When the defendants requested a continuance of the submission date on their motion to continue, the Court granted the motion and, again, admonished the plaintiff: "Any opposition to the defendants' motion to dismiss must be filed not later than

September 17, 2019. Failure to oppose the defendants' motion will serve as an indication that the plaintiff has abandoned this lawsuit." Still no response from the plaintiff.

Accordingly, because the motion is unopposed, and further, it appearing to the Court that the motion has merit,[3] IT IS ORDERED: that the defendants' motion to dismiss the plaintiff's lawsuit as a discovery sanction is hereby GRANTED as unopposed. The plaintiff's case is dismissed with prejudice.

New Orleans, Louisiana, September 25th, 2019

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[3] There is a clear record of delay by the plaintiff herself and lesser sanctions have been unable to coerce compliance. The plaintiff's refusal to participate in her own lawsuit has prevented the defendants from investigating her toxic tort claims. She has failed to provide any specific information regarding her alleged exposure, such as exact dates, locations, and witnesses. Nor has she disclosed her prior work or medical history. As a result, the defendants are hamstrung to develop any defense to this lawsuit. Given the significant periods of inactivity in this case, the plaintiff's disregard of the Court's orders involving increasingly severe sanctions, no lesser sanction will serve justice here. See Brown v. Oil States Skagit Smatco, 664 F.3d 71, 77 (5th Cir. 2011); see also Clofer v. Perego, 106 F.3d 678, 679 (5th Cir. 1997)(per curiam, citations omitted). Rule 37(b)(2)(A) provides that dismissal is an appropriate sanction in the face of such recalcitrance. Dismissal is likewise appropriate under Rule 41(b) due to the plaintiff's failure to prosecute.